UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

MARTIN MCLAUGHLIN,

   Plaintiff,

v.

T. FELKER, M.D. McDONALD, S. ARMOSKUS, R.K. WONG, R. JOHNSON, C. ADAMS, C.F. BOLLS, K. STAFFORD, G. MARSHALL, PERRY, STATTI, R. MARQUEZ, MINNICK, R. KEMP, D. DANGLER, and C.J. SPIRK,

   Defendants.

NO. CV-08-0831-RHW

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

On April 18, 2008, Plaintiff filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate in the California State Prison, Corcoran, California. Plaintiff contends that his civil rights were violated by prison officials at the High Desert State Prison, in Susanville, California. The Court conducted a preliminary review pursuant to § 1915(A) and ordered that Defendants be served.

Defendants now move to dismiss the complaint for failure to state a claim upon which relief can be granted.

#### MOTION STANDARD

To survive a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiff's complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqubal,* 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). The Court must construe the

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** ~ 1

complaint in the light most favorable to Plaintiff, and resolve all doubts in Plaintiff's favor. *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010). Although factual allegations contained in the complaint are taken as true, the court need not credit legal conclusions. *Maya v. Centex Corp.*, 658 F.3d 1060 (9th Cir. 2011).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a violation of a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. In addition, to state a valid constitutional claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976).

Plaintiff is asserting five claims: (1) retaliation; (2) cruel and unusual punishment; (3) violation of due process; (4) denial of equal protection; and (5) emotional distress.

## BACKGROUND FACTS

In addition to his Complaint, Plaintiff filed over fifty pages of exhibits. The following background facts are taken from the Complaint and exhibits.

The underlying basis for Plaintiff's complaint is that he was falsely accused of conspiracy to murder staff. Plaintiff asserts that this was because he had previously filed grievances alleging that the administration and staff at the High Desert State Prison (HDSP) discriminated against Black inmates.

During the time in question, Plaintiff was housed in Facility C at HDSP, which had an extensive history of violence between black and white inmate populations. On June 17, 2003, white inmates attacked black inmates on Facility C. Following the riot, Facility C was placed in lockdown. In September, 2003, an incremental unlock process was attempted in order to return the facility to normal program. The unlock proved unsuccessful when the black inmates attacked white

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** ~ 2

inmates in retaliation. The Facility was again placed in lockdown status, after which the Warden approved a Controlled Release program. The program permitted the controlled release of inmates back into normal program. However, after the interview and classification process of the Controlled Release program was underway and eligible inmates were cleared by the Unite Classification Committee, Facility C was placed in lockdown in order to complete institutional-wide searches.

During this time, Plaintiff filed numerous Inmate Appeals. On July 12, 2003, Plaintiff filed an Inmate Appeal in which he asserted that the administration of HDSP and the Facility C staff discriminated against the Black inmates. Specifically, Plaintiff alleged that the administration and staff knew about the impending assault by white inmates on black inmates and purposely searched the Black inmates in order to take their weapons so that they could not have them on the yard, and they imposed an "anger management program" and placed Black inmates on lockdown status who were not involved in the Black/White riot that occurred on Facility C, Yard #2. Plaintiff requested that the non-involved Black inmates be returned to normal program without further discrimination by HDSP administration and that there be no reprisals for filing the grievance.[1]

On March 14, 2004, Plaintiff wrote a letter to Director J. Woodford in which he alleged that the administration of HDSP has aided and abetted racial violence and discrimination between inmates. He also asserted that Inmate Appears were being screened out and thrown away to discourage inmates from

---

[1] On August 9, 2004, Associate Warden McDonald responded to his Appeal and informed Plaintiff that his appeal had been partially granted. Facility C would begin a modified release of the Black and White inmates.

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 3**

challenging such issues.[2]  On June 9, 2004, Plaintiff filed an Appeal in which he asserted that he was being discriminated against because he has not received the privileges afforded inmates in his current housing and classification status.  In January, 2005, Plaintiff filed an Appeal in which he alleged that he was being discriminated against because he was not allowed to participate in any of the unlock procedures.[3]

In March, 2005, HDSP was in the final stages of investigating a conspiracy within the inmate population to murder peace officers at the institution.  Plaintiff was identified as one of the conspirators and he was placed in administrative segregation in March, 2005, pending the completion of the investigation. He was given a Rules Violation Report (RVR) regarding the allegations.  He went before the classification committee numerous times to review his placement.  In addition, a hearing on the RVR was held on May 10, 2005.  He was found guilty of the charge of Conspiracy to Murder Peace Officers.  Chief Disciplinary Officer at HDSP Wong, however, ordered the re-issue and re-hearing on the RVR to clear up

---

[2] On May 19, 2004, Senior Special Agent Scott Moeszinger provided Plaintiff a response stating that his office would not investigate this matter absent tangible evidence of the allegations.  Additionally, on June 1, 2004, Plaintiff received a letter from Warden Runnels.

[3] On February 24, 2005, Plaintiff received a response in which Chief Deputy Warden explained that Plaintiff's request to participate in the Controlled Release program was granted, in part.  Plaintiff was informed that as soon as the institution returned to normal program, the Facility classification committed would resume reviewing inmates for inclusion in the program based on individual inmate case factors, past disciplinary history, disruptive group activities and determining if the inmate meets established criteria for placement in the program.  Plaintiff appealed this decision to the Director's Level and he received a response on June 1, 2005.

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** ~ 4

any due process issues.[4]  On October 19, 2005, Plaintiff appeard for a re-hearing on the RVR.  He was provided with copies of the RVR, and the confidential information disclosure forms, as well as an investigative assistance to assist him during the hearing.  He did not request the presence of witnesses at the hearing.  He was found guilty of the offense of Conspiracy to Murder Peace Officer.

## ANALYSIS

1. **Retaliation Claim**

Plaintiff asserts that his placement in administrative segregation on March 9, 2005, pending the investigation of his involvement in a conspiracy to assault prison staff, was in retaliation for the previous inmate grievances he filed for racial discrimination.  A person suing prison officials under section 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory actions does not advance legitimate penological goals, such as preserving institutional order and discipline. *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994).

Here, Plaintiff has not sufficiently alleged facts to sustain his retaliation claim against Defendants.  By Plaintiff's own account, he was placed in administrative segregation pending investigation of his involvement in a conspiracy to assault HDSP's staff.  He has failed to allege facts showing that his placement in administrative segregation was in retaliation for the inmate grievances he filed.  Additionally, he has failed to allege facts that the administrative placement did not advance legitimate penological goals.  He fails to allege direct or inferential facts necessary to show retaliation as the motivation for the adjudication of the RVR hearings.  Instead, the facts alleged show that Plaintiff's RVR hearing was conducted in accordance with the California regulations.

---

[4]Wong noted that there was what appeared to be a typographical error in the documents that created a due process violation.

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 5**

Also, Plaintiff's complaint does not contain any factual allegations against Defendants Armoskus, McDonald, Stafford, Minnick, Dangler, Spirk, and Kemp. It is unclear from the complaint or the attached exhibits, what role, if any, these defendants played in Plaintiff's retaliation claim.

**2.     Cruel and Unusual Punishment Claim**

Plaintiff alleges that all Defendants violated his Eighth Amendment rights by placing him in the administrative-segregation. As a matter of law, the placement of an inmate in administrative segregation does not constitute cruel and unusual punishment. *See Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995) (holding that "administrative segregation . . . is within the terms of confinement ordinarily contemplated by a sentence."). As such, Plaintiff's Eighth Amendment claim is dismissed.

**3.     Due Process Claim**

Plaintiff alleges that all Defendants violated his Fourteenth Amendment rights to due process when he was placed in administrative segregation at HDSP pending investigation by staff of his involvement in a conspiracy to assault staff. As a matter of law, placement in administrative segregation pending investigation of a charge does not violate the Due Process Clause of the Fourteenth Amendment. *See McFarland v Cassady*, 779 F.2d 1426, 1427-28 (9th Cir. 1986) (holding that a prisoner is afforded due process with respect to placement in administrative segregation for investigative purposes where he received a hearing regarding charges against him 35 days after being segregated).

Moreover, based on the facts alleged in Plaintiff's complaint, it is clear he was afforded due process and procedural rights to defend himself during the administrative reviews and classification hearings for his segregation placement. *See Toussaint v. McCarthy*, 801 F.2d 1080, 1100-01 (9th Cir. 1986) (holding that when prison officials determine whether a prisoner is to be segregated, due process only requires an informal nonadversarial hearing, notice to the prisoner of

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 6**

the charge against him and a chance for the prisoner to present his or her views). As such, the Court dismisses Plaintiff's due process claims.

**4.    Equal Protection Claim**

Plaintiff alleges that he was denied equal protection because of his placement in administrative segregation. Plaintiff fails to allege facts that show that he was intentionally treated differently from other inmates in administrative segregation because of his race or that Defendant's conduct lacked any rational basis. *See Rodriguez v. Cook*, 169 F.3d 1176, 1179-81 (9th Cir. 1999). Moreover, Plaintiff has failed to allege facts showing discriminatory motive on the part of Defendants. As such, his equal protection claims are dismissed.

**5.    Emotional Distress Claim**

Plaintiff has failed to allege facts showing that prior to filing this lawsuit, he filed a claim with the Victim Compensation and Government Claims Board, in accordance with the California Tort Claims Act. Failure to do so is fatal to his claim for emotional distress damages. *See* Cal. Gov't Code § 900 *et seq.*; *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 627 (9th Cir. 1988); *State v. Super. Ct.*, 32 Cal. 4th 1234, 1240, 90 P.3d 116, 120 (2004).

### LEAVE TO AMEND

"Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir.1992) ("[B]efore dismissing a pro se complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively.").

Accordingly, **IT IS HEREBY ORDERED:**

1.    Defendant's Motion to Dismiss (ECF No. 27) is **GRANTED**.

2.    All pending motions are **denied**, as moot.

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** ~ 7

1    3.    Plaintiff is granted leave to file an Amended Complaint. The
2 complaint must be filed within 30 days from the date of this Order. Failure to file
3 an Amended Complaint will result in dismissal of the above-captioned action.
4    **IT IS SO ORDERED.** The District Court Executive is directed to enter
5 this Order and forward copies to Plaintiff.
6    **DATED** this 15th day of November, 2011.

                             *s/Robert H. Whaley*
                             ROBERT H. WHALEY
                             United States District Judge

C:\WINDOWS\Temp\notes101AA1\dismiss.wpd

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** ~ 8