UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

MARTIN MCLAUGHLIN,

    Plaintiff,

    v.

T. FELKER, et al.,

    Defendants.

NO. CV-08-831-RHW

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION UNDER FED. R. CIV. P. 60(b)**

Before the Court is Plaintiff's Motion for Reconsideration Under FRCP Rule 60(b)(6) "Newly Discovered Evidence." ECF No. 52. The motion was heard without oral argument. Plaintiff is proceeding *pro se* in the above-captioned matter, while Misha D. Igra represented Defendants. For the reasons set forth below, Plaintiff's motion is denied.

## **BACKGROUND**

On April 19, 2012, the Court dismissed Plaintiff's First Amended Complaint and closed the file. ECF No. 50 at 4. The Court found that Plaintiff failed to allege a causal connection between the filing of the grievance and the adverse action to support his retaliation claim. *Id.* Over the next 24 months, the file remained closed. On April 29, 2014, Plaintiff filed his Motion for Reconsideration Under FRCP Rule 60(b)(6) "Newly Discovered Evidence." ECF No. 52.

In his motion, Plaintiff moves the Court to reconsider the dismissal of the First Amended Complaint based on "newly discovered evidence." *Id.* at 1. In addition, Plaintiff alleges that such evidence is "so paramount that it would equal a

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION UNDER FED. R. CIV. P. 60(b) ~ 1**

'miscarriage of justice' if the Court does not allow it." *Id.* Plaintiff also argues that the evidence would "clearly show the causal connection" to sustain his claim of retaliation, which the Court previously ruled had not been adequately pled. *Id.* at 1, 4. Finally, Plaintiff asserts that the new evidence was discovered "by chance" on April 25, 2014. *Id.* at 2.

## ANALYSIS

As an initial matter, the Court notes that Plaintiff appears to rely on Federal Rule of Civil Procedure 60(b)(6), pursuant to the caption on the face of the motion. ECF No. 52 at 1. However, the caption <u>and</u> body of Plaintiff's motion emphasize "newly discovered information," which is arguably more consistent with Fed. R. Civ. P. 60(b)(2). *Id.* In any event, Plaintiff's motion fails to provide the Court with the newfound information, a description thereof, or any details regarding his alleged discovery of the new evidence. *Id.* Under either prong of Rule 60(b), Plaintiff's unsubstantiated motion is outside of the time limitations period and is, thus, untimely. *See* Fed. R. Civ. P. 60(c)(1).

**A.   Fed. R. Civ. P. 60(b)(2) - Relief Based Upon Newly Discovered Evidence.**

Fed. R. Civ. P. 60(b)(2) provides that a party may be relieved from a final order if the party obtains "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Under Rule 60(b)(2), Plaintiff's motion is subject to the one-year time limitation to bring a motion under this ground. Fed. R. Civ. P. 60(c)(1). To consider the new evidence, the Court must find that the earlier absence of the evidence is excusable under the "newly discovered evidence" standards under Rule 60(b)(2), which only applies to "evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)."

Here, more than 24 months have elapsed since the entry of judgment. Moreover, Plaintiff has not provided any reason for the delay other than the revelation that Plaintiff discovered the information "by chance" on April 25, 2014.

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION UNDER FED. R. CIV. P. 60(b) ~ 2**

1 Accordingly, the Court will not grant relief on this ground because the motion is
2 wholly unsubstantiated and untimely. *Id.*; *see also Nevitt v. United States*, 886 F.2d
3 1187, 1188 (9th Cir. 1989) (affirming dismissal of an untimely Rule 60(b)(2)
4 motion brought more than one year after entry of judgment).

**B.    Fed. R. Civ. P. 60(b)(6) - Relief for Any Other Reason.**

Under Fed. R. Civ. P. 60(b)(6), Plaintiff's motion is untimely because (1) it was not brought within a reasonable amount of time under Rule 60(c)(1); and (2) Plaintiff fails to show the reason that prevented timely action.

A court may relieve a party from a final judgment or order for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). The Ninth Circuit has dubbed this Rule as a "catchall provision that allows a court to vacate a judgment for 'any other reason justifying relief from the operation of the judgment,'" and "'has been used sparingly as an equitable remedy to prevent manifest injustice.'" *Lehman v. United States,* 154 F.3d 1010, 1017 (9th Cir. 1998) (citation omitted); *see also Greenawalt v. Stewart*, 105 F.3d 1268, 1273 (9th Cir. 1997) (explaining that Rule 60(b)(6) should only be used where "extraordinary circumstances prevented a party from taking action"), abrogated on other grounds as recognized by *Jackson v. Roe*, 425 F.3d 654, 658-61 (9th Cir. 2005). In addition, a movant must "show both injury and that circumstances beyond its control prevented timely action to protect its interests" to obtain relief. *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993).

Here, although Plaintiff alleges that he obtained "newly discovered evidence in the form of documentary evidence," he has not brought forth any evidence or even a basic description of the nature of such evidence. Without more, Plaintiff fails to "show both injury and that circumstances beyond its control prevented timely action to protect its interests," which is required to obtain relief under Fed. R. Civ. P. 60(b)(6). Moreover, nothing in the motion suggests "extraordinary circumstances" that prevented Plaintiff from taking timely action. Although

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION UNDER FED. R. CIV. P. 60(b) ~ 3**

Plaintiff alleges that the newly discovered information is "so paramount that it would equal a 'miscarriage of justice' if the Court does not allow it," with only bare assertions and without any factual basis, the Court is not in a position to consider the "newly discovered" evidence or the reasonableness of Plaintiff's delay in filing the motion.

## CONCLUSION

Based on the foregoing, the Court declines to reconsider the dismissal of the First Amended Complaint given the untimeliness of the motion under either Rule 60(b)(2) or 60(b)(6), as well as the failure to disclose the "newly discovered evidence" and the circumstances that prevented Plaintiff from taking timely action.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Reconsideration Under FRCP Rule 60(b)(6) "Newly Discovered Evidence," ECF No. 52, is **DENIED**.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order and provide copies to counsel and Plaintiff.

**DATED** this 9th day of June, 2014.

*s/Robert H. Whaley*
ROBERT H. WHALEY
United States District Judge

Q:\RHW\aCalifornia cases\CAED cases\McLaughlin\Order Reconsideration.docx

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION UNDER FED. R. CIV. P. 60(b)  ~ 4**