UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

MARTIN MCLAUGHLIN,

  Plaintiff,

  v.

T. FELKER, et al.,

  Defendants.

NO. CV-08-831-RHW

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION UNDER FED. R. CIV. P. 59**

Before the Court is Plaintiff's Motion for Reconsideration Under FRCP Rule 59(b) and 59(e) "Newly Discovered Evidence." ECF No. 55. The motion was heard without oral argument. Plaintiff is proceeding *pro se* in the above-captioned matter, while Kelly A. Samson represents Defendants. For the reasons set forth below, Plaintiff's motion is denied.

## BACKGROUND

On April 19, 2012, the Court dismissed Plaintiff's First Amended Complaint because Plaintiff failed to allege a causal connection between the filing of the grievance and the adverse action to support his retaliation claim. *See* ECF No. 50 at 4. On April 29, 2014, Plaintiff filed a Motion for Reconsideration Under FRCP Rule 60(b)(6) "Newly Discovered Evidence," wherein he moved the Court to reconsider the dismissal of the First Amended Complaint based on "newly discovered evidence." ECF No. 52 at 1. Plaintiff argued that the new evidence

would "clearly show the causal connection" to sustain his claim of retaliation, yet Plaintiff failed to provide the Court with any new information. *Id. at* 1, 4. Thus, the Court declined to reconsider the dismissal of the First Amended Complaint given the untimeliness of the motion under either Rule 60(b)(2) or 60(b)(6), as well as Plaintiff's failure to disclose the "newly discovered evidence" and the circumstances that prevented Plaintiff from taking timely action. *See* Fed. R. Civ. P. 60(c)(1).

On July 18, 2014, Plaintiff filed the instant Motion for Reconsideration Under FRCP 59(b) and 59(e) "Newly Discovered Evidence" (the "Motion"). ECF No. 55. Defendants have responded in opposition. ECF No. 56.

For a second time, Plaintiff requests that the Court reconsider the dismissal of the First Amended Complaint. *Id.*; *see also* ECF No. 50. In support of his Motion, Plaintiff attaches three exhibits: (1) a declaration of Corcoran State Prison inmate, DeAndré Dion Doyle, dated May 22, 2009; (2) an appeal memorandum from Chief Deputy Warden M. McDonald to Mr. Doyle, dated June 29, 2006; and (3) a declaration of Corcoran State Prison inmate, Tommy R. Brown, dated May 5, 2004. ECF No. 55 at 3-8.

The exhibits appear to demonstrate that inmates, Brown and Doyle, were implicated in the same Conspiracy to Murder Peace Officer charge, dated April 4, 2005, that involved Plaintiff. *Id.* Plaintiff argues that these documents show the necessary causal connection to sustain his claim of retaliation. *Id.* However, and pursuant to the memorandum from Chief Deputy Warden M. McDonald to Mr. Doyle, dated June 29, 2006, the Conspiracy charge against Mr. Doyle was dismissed because it violated a California Department of Corrections ("CDC") policy, which prohibits "stacking" CDC Form 115 Rules Violation Reports, not because of a retaliatory motive. *Id.* at 7. Accordingly, the Court finds that these

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION UNDER FED. R. CIV. P. 59 \* 2**

C:\Users\jdonati\AppData\Local\Temp\notes256C9A\Order Recons2.docx

documents do not support a claim for retaliation against Plaintiff. ECF No. 55 at 3-8.

## ANALYSIS

Plaintiff relies on Federal Rules of Civil Procedure 59(b) and 59(e), pursuant to the caption on the face of the motion. ECF No. 55. However and similar to Plaintiff's prior reconsideration motion, Plaintiff's Motion emphasizes "newly discovered information," which is arguably more consistent with Fed. R. Civ. P. 60(b)(2) or 60(b)(6). *Id.* Nevertheless, although Plaintiff provides the Court with alleged newfound evidence, under either Rule 60(b)(2), Rule 60(b)(6), Rule 59(b), or Rule 59(e), Plaintiff's Motion is untimely and lacks merit to reconsider the dismissal of the First Amended Complaint. *See* Fed. R. Civ. P. 60(c)(1); ECF No. 55.

**A.   Fed. R. Civ. P. 59(b) or Fed. R. Civ. P. 59(e) – Altering or Amending a Judgment**

Fed. R. Civ. P. 59(b) provides that a "motion for a new trial must be filed no later than 28 days after the entry of judgment." Moreover, Fed. R. Civ. P. 59(e) provides that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." In short, the Court finds that Plaintiff may not seek relief under Fed. R. Civ. P. 59(b) or 59(e), given that more than two years have elapsed since the entry of judgment.

**B.   Fed. R. Civ. P. 60(b)(2) - Relief Based Upon Newly Discovered Evidence**

Although Plaintiff's Motion does not explicitly seek relief under Fed. R. Civ. P. 60(b)(2), he bases his Motion upon "newly discovered evidence." *See* ECF No. 56. Accordingly, Fed. R. Civ. P. 60(b)(2) provides that a party may be relieved from a final order if the party obtains "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." However, under Rule 60(b)(2), Plaintiff's Motion is

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION UNDER FED. R. CIV. P. 59 \* 3**

C:\Users\jdonati\AppData\Local\Temp\notes256C9A\Order Recons2.docx

1 subject to the one-year time limitation to bring a motion under this ground. Fed. R.
2 Civ. P. 60(c)(1).

3       Here, Plaintiff asserts that he was unable to procure the evidence because he
4 is a prisoner and is prohibited from communicating with prisoners incarcerated at
5 other prisons, transmitting mail to other prisoners, and reviewing third party
6 prisoner case files. ECF No. 55 at 2. However, the Court finds that Plaintiff has not
7 demonstrated that the newly discovered evidence would impact the prior judgment,
8 and that the Motion is untimely. *See* Fed. R. Civ. P. 60(c)(1); *see also Coastal*
9 *Transfer Co. v. Toyota Motor Sales, U.S.A.,* 833 F.2d 208, 211 (9th Cir. 1987)
10 (stating that "newly discovered evidence must be of such magnitude that
11 production of it earlier would have been likely to change the disposition of the
12 case"); *Nevitt v. United States*, 886 F.2d 1187, 1188 (9th Cir. 1989) (affirming
13 dismissal of an untimely Rule 60(b)(2) motion brought more than one year after
14 entry of judgment).

15 **C.     Fed. R. Civ. P. 60(b)(6) - Relief for Any Other Reason**

16       Similarly, Plaintiff's Motion does not pass muster under Fed. R. Civ. P.
17 60(b)(6). It is long-held that a court may relieve a party from a final judgment or
18 order for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). This Rule
19 is a "catchall provision that allows a court to vacate a judgment for 'any other
20 reason justifying relief from the operation of the judgment,'" and "'has been used
21 sparingly as an equitable remedy to prevent manifest injustice.'" *Lehman v. United*
22 *States,* 154 F.3d 1010, 1017 (9th Cir. 1998) (citation omitted). A movant must
23 "show both *injury* and that circumstances beyond its control prevented timely
24 action to protect its interests" to obtain relief. *United States v. Alpine Land &*
25 *Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993) (emphasis added).

26       Here, Plaintiff argues that the newly disclosed evidence bridges the causal
27 connection to support his claim for retaliation. ECF No. 55. Plaintiff also describes
28

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION UNDER FED. R. CIV. P. 59 \* 4**

C:\Users\jdonati\AppData\Local\Temp\notes256C9A\Order Recons2.docx

why circumstances were beyond his control to prevent timely action. *Id.* However, the Court finds that the documents do not support Plaintiff's claim for retaliation, which is required in order to justify relief under Rule 60(b)(6). Although Plaintiff alleges that the preclusion of the new evidence would "equal a miscarriage of justice and a manifest error of law," the Court disagrees.

## **CONCLUSION**

Based on the foregoing, the Court denies Plaintiff's Motion given the untimeliness under either Rule 59(b), 59(e), 60(b)(2) or 60(b)(6), and the lack of evidence to support a reconsideration of the First Amended Complaint dismissal.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Reconsideration Under FRCP Rule 59(b) and 59(e) "Newly Discovered Evidence," ECF No. 55, is **DENIED**.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order and provide copies to counsel and Plaintiff.

**DATED** this 18th day of August, 2014.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION UNDER FED. R. CIV. P. 59 \* 5**
C:\Users\jdonati\AppData\Local\Temp\notes256C9A\Order Recons2.docx